1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

KRYSTAL CASTILLO,

No.  1:21-cv-01460-ADA-BAM

12

Plaintiff,

13

v.

ORDER AFTER *IN CAMERA* REVIEW

14

THE WELL COMMUNITY CHURCH, a
California corporation,

15

16

Defendant.

17

18

19

In this case, Plaintiff Krystal Castillo ("Plaintiff") alleges employment discrimination,

20

retaliation, interference with prospective economic relations, and defamation by Defendant The

21

Well Community Church ("Defendant").  (Doc. 39.)  In response to Plaintiff's Requests for

22

Production No. 47-49 and 53, Defendant produced responsive documents but also withheld or

23

redacted approximately 20-25 emails that it claimed were protected by attorney-client privilege or

24

work product doctrine.  (Doc. 55.)  To resolve the remaining issues regarding whether these

25

documents were privileged, the Court directed Defendant to submit the identified emails and any

26

other similar emails located during Defendant's rolling production which do not have an attorney

27

as sender or recipient that are alleged to be privileged to the Court for in camera review.  (*Id.*)

28

**The Necessity for *In Camera* Review**

As it pertains to the *in camera* review, Defendant noted that all "responsive non-privileged documents have been provided to Castillo in response to Requests for Production requests numbered 47-49 and 53, arising out of the email search terms requested by plaintiff." (Doc. 57 at 1.) However, Defendant withheld documents under privilege that were "attorney communications, management discussions of attorney communications, and work product prepared in anticipation of litigation." (*Id.*) Plaintiff maintained that Defendant's privilege log was overly broad and that Defendant bore the burden of showing that the attorney-client privilege or work product doctrine applied. (Doc. 49 at 2, Doc. 53 at 1, Doc. 56 at 1.)

The Court ordered Defendant to submit the identified 20-25 emails and any other similar emails located during Defendant's rolling production which do not have an attorney as sender or recipient that are alleged to be privileged to the Court for *in camera* review. (Doc. 55.)

This Order is entered after considering the 21 exhibits submitted by Defendant and conducting an *in camera* review.

**Description of Documents Submitted for *In Camera* Review**

On May 30, 2023, the Court received documents from Defendant submitted for *in camera* review, which consist of 21 exhibits containing email discussions between Defendant's employees or between Defendant's employees and counsel. Each exhibit will be addressed in turn below.

**Legal Standard**

"A district court may conduct an in camera inspection of alleged confidential communications to determine whether the attorney-client privilege applies." *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Attorney-client privilege applies "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (quoting *Matter of Fischel*, 557 F.2d 209, 211 (9th Cir. 1977)). "Because it impedes full and free

1  discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Martin*,

2  278 F.3d 988, 999 (9th Cir. 2002) (quoting *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc*., 647 F.2d

3  18, 24 (9th Cir. 1981).

4  Attorney-client privilege "may attach to communications between nonlegal employees

5  where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee

6  discusses her intent to seek legal advice about a particular issue." *Datel Holdings Ltd. v. Microsoft*

7  *Corp*., No. C-09-05535 EDL, 2011 WL 866993, at *5 (N.D. Cal. Mar. 11, 2011) (quoting *U.S. v.*

8  *ChevronTexaco Corp*., 241 F. Supp. 2d. 1065, 1077 (N.D. Cal. 2002)) (internal quotation marks

9  omitted); *see also AT & T Corp. v. Microsoft Corp*., No. 02-cv-0164 MHP (JL), 2003 WL

10  21212614, at *3 (N.D. Cal. Apr. 18, 2003) ("Communications between non-lawyer employees

11  about matters which the parties intend to seek legal advice are likewise cloaked by attorney-client

12  privilege.").

13  In applying this privilege, courts have required sufficiently detailed declarations to

14  demonstrate that the communications at issue were actually connected to the employees' intent to

15  seek legal advice or upon attorneys' instructions/direction of employees' actions. *See Datel*, 2011

16  WL 866993, at *6 (Lange, the person who drafted the allegedly privileged email, "had participated

17  in a conference call with Shelley McKinley, Microsoft's in-house counsel, on that morning

18  concerning Microsoft's potential infringement claims against Datel… McKinley requested on that

19  call that Lange conduct an investigation into the potential claims and enlist other employees with

20  relevant technical expertise."); *U.S. ex rel. Schmuckley v. Rite Aid Corp*., No. 2:12-CV-01699 KJM

21  JDP, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023) (finding emails from internal auditor

22  conducting investigation at request of attorney to be privileged). Here, declarations from Defendant

23  about the communications which were privileged are unnecessary because the actual emails were

24  provided to the Court for review. Furthermore, courts have tailored the privilege specifically to the

25  portion of documents in which the attorney's advice is conveyed or discussed. *See Datel*, 2011

26  WL 866993, at *6 ("the only portion of the 'Re-auth' email chain that is protected by the attorney-

27  client privilege is the original email from [the person who conveyed the attorney's request for an

28  investigation into an issue]").

A district court may also review documents to determine whether work product protections apply. *See, e.g., Lopes v. Vieira*, 719 F. Supp. 2d 1199 (E.D. Cal. 2010) (District Court determining that documents submitted for *in camera* review were protected by work product doctrine). "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004) (quoting *Admiral Ins. Co. v. United States District Court,* 881 F.2d 1486, 1494 (9th Cir.1989)). The Ninth Circuit has held that "to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial,' and (2) they must be prepared 'by or for another party or by or for that other party's representative.'" *Id* at 907 (quoting *In re California Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir.1989)). However, the "work product doctrine does not protect materials assembled in the ordinary course of business." *Griffith v. Davis*, 161 F.R.D. 687, 698 (C.D. Cal. 1995). "Rather, the primary motivating purpose behind the creation of the materials must be as an aid in possible future litigation." *Id.*; *see also Anderson v. Marsh, 312 F.R.D. 584, 593* (E.D. Cal. 2015) (citing *Griffith* and noting that "the documents at issue are routinely created regardless of whether there would be litigation regarding the incident" when finding that a party did not meet the burden of showing the documents were prepared in anticipation of litigation.).

### Analysis

The Court has evaluated the Exhibits 1-21 for third party privacy,[1] attorney-client privilege protection and for work product doctrine protection. In analyzing the Exhibits for attorney-client privilege, the Court examined whether the documents were connected to Defendant's employees' intent to seek legal advice or to Defendant's employees' discussion or transmission of counsel's legal advice. *See Datel*, 2011 WL 866993, at *5.

Exhibit 1

Exhibit 1 contains a redacted portion within an email dated July 18, 2021. The redacted

---

[1] The Court did not identify any third party privacy concerns in its *in camera* review.

portion of Exhibit 1 is not privileged except for the sentence following the unprivileged sentence "To be clear, the employment decision has already been made and isn't part of the discussion." The privileged sentence is protected as it includes Defendant's employee transmitting the legal advice of counsel. *Datel*, 2011 WL 866993, at *5.

Exhibit 2

Exhibit 2 is an email thread consisting of messages from June 17, 2021 and June 18, 2021. The June 18, 2021 email from Jeremy Vanderlinden is not privileged except for the final sentence regarding counsel Chris Brown that shows Defendant's employees seeking legal advice from counsel. The June 18, 2021 email from Cindy Karraker is not privileged. The June 18, 2021 email from Brad Bell, including the draft message within the email, is not privileged. The June 17, 2021 email from Jeremy Vanderlinden is privileged until the paragraph beginning "Dude…", and the clause starting with the word "just" and ending before the phrase "pray about them" is privileged. *Datel*, 2011 WL 866993, at *5 (Attorney-client privilege "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel")

Exhibit 3

Exhibit 3 is duplicative of Exhibit 2 and consists of an email thread with messages from June 17, 2021 and June 18, 2021. The June 18, 2021 email from Cindy Karraker is not privileged. The June 18, 2021 email from Brad Bell, including the draft message within the email, is not privileged. The June 17, 2021 email from Jeremy Vanderlinden is privileged until the paragraph beginning "Dude…", and the clause starting with the word "just" and ending before the phrase "pray about them" is privileged. *Datel*, 2011 WL 866993, at *5.

Exhibit 4

Exhibit 4 consists of a June 17, 2021 email from Jeremy Vanderlinden that is a duplicate of his June 17, 2021 email from Exhibits 2 and 3. This email is privileged until the paragraph beginning "Dude …", and the clause starting with the word "just" and ending before the phrase "pray about them" is privileged. *See Datel*, 2011 WL 866993, at *5 (Attorney-client privilege "may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel")

5

1

Exhibit 5

2      Exhibit 5 consists of a June 9, 2021 email from Wendi Mooney.  This email is not privileged

3 because it is Defendant's employee's description of an attorney's characterization of organizational

4 structure rather than transmission of counsel's legal advice or work product in anticipation of

5 litigation. *Datel*, 2011 WL 866993, at *5; *Grand Jury Subpoena*, 357 F.3d at 906.

6      Exhibit 6

7      Exhibit 6 consists of a June 9, 2021 email from Wendi Mooney that is duplicative of Exhibit

8 5.  This email is not privileged because it is Defendant's employee's description of an attorney's

9 characterization of organizational structure rather than transmission of counsel's legal advice or

10 work product in anticipation of litigation. *Id.*

11      Exhibit 7

12      Exhibit 7 consists of a June 9, 2021 email from Brad Bell.  This email is not privileged

13 because it contains Defendant's employee's description of an attorney's characterization of

14 organizational structure rather than transmission of counsel's legal advice or work product in

15 anticipation of litigation. *Id.*

16      Exhibit 8

17      Exhibit 8 consists of an email thread with multiple emails from June 7, 2021.  The June 7,

18 2021 3:21 PM from Brad Bell to Brad Bell consisting of one sentence is not privileged and may be

19 produced.  The June 7, 2021 2:47:35 PM email from Brent Taylor to Brad Bell is privileged as it

20 involves the transmission of attorney advice.  The June 7, 2021 1:42 PM email from Christopher

21 Brown to Brent Taylor is privileged as Mr. Brown is providing advice as Defendant's counsel.  The

22 June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged as it seeks legal

23 advice from counsel.  The June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor

24 is privileged as Mr. Brown is providing advice as Defendant's counsel.

25      Exhibit 9

26      Exhibit 9 is duplicative of Exhibit 8 and consists of an email thread with multiple emails

27 from June 7, 2021.  The June 7, 2021 3:21 PM from Brad Bell to Brad Bell consisting of one

28 sentence is not privileged and may be produced.  The June 7, 2021 2:47:35 PM email from Brent

Taylor to Brad Bell is privileged as it involves the transmission of attorney advice.  The June 7, 2021 1:42 PM email from Christopher Brown to Brent Taylor is privileged as Mr. Brown is providing advice as Defendant's counsel.  The June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged as it seeks legal advice from counsel.  The June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor is privileged as Mr. Brown is providing advice as Defendant's counsel.

Exhibit 10

Exhibit 10 is duplicative of Exhibits 8 and 9 and consists of an email thread with multiple emails from June 7, 2021.  The June 7, 2021 3:21 PM from Brad Bell to Brad Bell consisting of one sentence is not privileged and may be produced.  The June 7, 2021 2:47:35 PM email from Brent Taylor to Brad Bell is privileged as it involves the transmission of attorney advice.  The June 7, 2021 1:42 PM email from Christopher Brown to Brent Taylor is privileged as Mr. Brown is providing advice as Defendant's counsel.  The June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged as it seeks legal advice from counsel.  The June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor is privileged as Mr. Brown is providing advice as Defendant's counsel.

Exhibit 11

Exhibit 11 is a June 6, 2021 6:53 PM email from Brad Bell that does not indicate who received the email.  This is not privileged, as it does not appear to be seeking or transmitting attorney advice nor does it appear to be drafted in anticipation of litigation.  *See Datel*, 2011 WL 866993, at *5; *Grand Jury Subpoena*, 357 F.3d at 906.

Exhibit 12

Exhibit 12 consists of two emails from June 6, 2021 and June 7, 2021.  The June 7, 2021 email from Steven & Candice Lapa is not privileged as it is not seeking or transmitting attorney advice, and is not in anticipation of litigation.  *Datel*, 2011 WL 866993, at *5; *Grand Jury Subpoena*, 357 F.3d at 906.  The June 6, 2021 email from Brad Bell is a duplicate of the email from Exhibit 11 and is similarly not privileged as it is not seeking or transmitting attorney advice nor does it appear to be drafted in anticipation of litigation.  *Id.*

1

Exhibit 13

2

Exhibit 13 consists of a redacted portion of a June 7, 2021 email from Cindy Karraker to

3

Brad Bell.  This email is not privileged under attorney-client privilege as it does not transmit or

4

discuss attorney advice, nor does it convey the intent to seek legal advice.  *Datel*, 2011 WL 866993,

5

at *5.  It is also not protected under the work product doctrine as it does not appear to be drafted in

6

advance of litigation.  *Grand Jury Subpoena*, 357 F.3d at 906.

7

Exhibit 14

8

Exhibit 14 consists of a June 7, 2021 email from Brad Bell.  This email is not privileged,

9

and Defendant has indicated that this email would be produced to Plaintiff.

10

Exhibit 15

11

Exhibit 15 consists of a forwarded June 7, 2021 email from Verla Oliver to Cindy Karraker

12

regarding a human resources investigation process.  The redacted portions and investigation are not

13

privileged as they do not transmit, discuss, or seek attorney advice, and are also not protected under

14

the work product doctrine as it does not appear to be drafted in advance of litigation.  *See Datel*,

15

2011 WL 866993, at *5*; Grand Jury Subpoena*, 357 F.3d at 906.

16

Exhibit 16

17

Exhibit 16 is duplicative of Exhibit 15, and consists of a forwarded June 7, 2021 email from

18

Verla Oliver to Cindy Karraker regarding an investigation process.  For the same reasons as Exhibit

19

15, it is not privileged.

20

Exhibit 17

21

Exhibit 17 is duplicative of Exhibits 15 and 16, and consists of a forwarded June 7, 2021

22

email from Verla Oliver to Cindy Karraker regarding an investigation process.  For the same

23

reasons as Exhibits 15 and 16, it is not privileged.

24

Exhibit 18

25

Exhibit 18 is duplicative of Exhibit 12, and consists of two emails from June 6, 2021 and

26

June 7, 2021.  The June 7, 2021 email from Steven & Candice Lapa is not privileged as it is not

27

seeking or transmitting attorney advice, and is not in anticipation of litigation.  *See Datel*, 2011 WL

28

866993, at *5; *Grand Jury Subpoena*, 357 F.3d at 906.  The June 6, 2021 email from Brad Bell is

1   similarly not privileged as it is not seeking or transmitting attorney advice nor does it appear to be

2   drafted in anticipation of litigation.

3         Exhibit 19

4         Exhibit 19 is duplicative of Exhibit 13, and consists of a redacted portion of a June 7, 2021

5   email from Cindy Karraker to Brad Bell.  This email is not privileged under attorney-client privilege

6   as it does not transmit or discuss attorney advice, nor does it convey the intent to seek legal advice.

7   *See Datel*, 2011 WL 866993, at *5.  It is also not protected under the work product doctrine as it

8   does not appear to be drafted in advance of litigation.  *See Grand Jury Subpoena*, 357 F.3d at 906.

9         Exhibit 20

10        The allegedly privileged portion of Exhibit 20 consists of two sentences in a June 3, 2021

11  email from Verla Oliver to Cindy Karraker.  The email refers to an executive summary which is

12  not included in the documents that were provided to the Court for review.  The Executive Summary

13  is not at issue or the subject of litigation, and the email referring to the document is not a

14  communication with an attorney or a communication between Defendant's employees indicating

15  an intent to seek, transmit, or discuss legal advice from counsel.  The email discussion also does

16  not appear to be work product created in anticipation of litigation, and is therefore not protected by

17  attorney-client privilege or work product doctrine.

18        Exhibit 21

19        Exhibit 21 consists of a May 28, 2021 email from Cindy Karraker to Jeremy Vanderlinden

20  in which human resources matters are discussed and Ms. Karraker notes that she has "refrained

21  from discussing too much and drawing any conclusions."  This is not a communication with an

22  attorney, transmission or discussion of counsel's legal advice, or discussion of an intent to seek

23  legal advice, and is therefore not protected by attorney-client privilege.  *Datel*, 2011 WL 866993,

24  at *5.  This also appears to be a discussion done in the ordinary course of business rather than in

25  anticipation of litigation, and is therefore not protected by work product doctrine.  *Griffith v. Davis*,

26  161 F.R.D. 687, 698 (C.D. Cal. 1995).

27                              **Conclusion and Order**

28        Based on the above, the Court finds that certain portions of Exhibits 1-4 and 8-10 are

                                        9

protected by attorney-client privilege and may be redacted by Defendant.  The protected Exhibit portions are:  (1) Exhibit 1, the sentence in the June 18, 2021 email from Brad Bell following "To be clear, the employment decision has already been made and isn't part of the discussion" and prior to "Unfortunately for the Counseling Center to take the next step towards autonomy we (The Board) will need to clean up officers and move the process forward" is privileged;  (2) Exhibit 2, the final sentence of the June 18, 2021 email from Jeremy Vanderlinden regarding counsel Christopher Brown is privileged; (3) Exhibit 2, the June 17, 2021 email from Jeremy Vanderlinden is privileged until the paragraph beginning "Dude…", and the clause in that email starting with the word "just" and ending before the phrase "pray about them" is privileged;  (4) Exhibit 3, the June 17, 2021 email from Jeremy Vanderlinden is privileged until the paragraph beginning "Dude…", and the clause in that email starting with the word "just" and ending before the phrase "pray about them" is privileged; (5) Exhibit 4, the June 17, 2021 email from Jeremy Vanderlinden is privileged until the paragraph beginning "Dude…", and the clause in that email starting with the word "just" and ending before the phrase "pray about them" is privileged;  (6) Exhibit 8, the June 7, 2021 2:47 PM email from Brent Taylor to Brad Bell is privileged; (7) Exhibit 8, the June 7, 2021 1:42 PM email from Christopher Brown to Brent Taylor is privileged; (8) Exhibit 8, the June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged; (9) Exhibit 8, the June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor is privileged; (10) Exhibit 9, the June 7, 2021 2:47 PM email from Brent Taylor to Brad Bell is privileged; (11) Exhibit 9, the June 7, 2021 1:42 PM email from Christopher Brown to Brent Taylor is privileged; (12) Exhibit 9, the June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged; (13) Exhibit 9, the June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor is privileged; (14) Exhibit 10, the June 7, 2021 2:47 PM email from Brent Taylor to Brad Bell is privileged; (15) Exhibit 9, the June 7, 2021 1:42 PM email from Christopher Brown to Brent Taylor is privileged; (16) Exhibit 9, the June 7, 2021 1:02 PM email from Brent Taylor to Christopher Brown is privileged; and (17) Exhibit 9, the June 7, 2021 12:21 PM email from Christopher Brown to Brent Taylor is privileged.

The remainder of the documents are not privileged and shall therefore be produced by

Defendant without redaction.

The Clerk of the Court is instructed to return to Defendant's counsel of record the documents submitted for *in camera* review, via US mail.

IT IS SO ORDERED.

Dated:  **June 22, 2023**                      /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE